[No. 39317.    Department One.    March 20, 1969.]

*In the Matter of the Petition of* BELLEVUE
MASONIC TEMPLE, INC.

BELLEVUE MASONIC TEMPLE, INC., *Respondent,* v.
HAROLD E. LOKKEN, *Appellant.**

*Edward S. Franklin,* for appellant.

*Reed, McClure & Moceri* and *Richard C. Reed,* for respondent.

PER CURIAM.—This is an appeal from an order granting petitioner (respondent) permission to remove the remains of deceased persons from its property and reinter them in a dedicated cemetery.

During the early years of this century, a tract of land now owned by petitioner Bellevue Masonic Temple, Inc., was used as a burial ground. The area, known locally as "Pioneer Cemetery," was never formally dedicated as a cemetery nor were deeds issued for the plots. The area is given no systematic or regular care and most of the 40 graves on the tract have now fallen into a state of disrepair.

Petitioner wishes to construct a new Masonic Temple on the property. To clear the land for this purpose, it petitioned the court under RCW 68.08.200 for approval to remove the remains and reinter them in a dedicated endowment care

*Reported in 452 P.2d 544.

cemetery. Notice of a hearing on the petition was published pursuant to court order.

Prior to filing the petition, petitioner had diligently sought to locate the heirs of the decedents and, in fact, had obtained the consent for the removal from all the heirs which it could locate. Appellant, a representative of an heir of three members of the Shiach family buried on the property appeared at the hearing.

The trial court granted the petition for removal. The order provided that reinterment should be at Sunset Hills Memorial Park in a location selected by the petitioner lodge. Marked graves, upon reinterment, are to be marked with the name, date of birth, and date of death of the decedent inscribed on a metal marker; unmarked graves are to be designated as the graves of Bellevue pioneers. Both marked and unmarked graves are to be in an area separately designated as a burial ground for Bellevue pioneers. The entire area is to be provided with perpetual care. Petitioner is required to bear the expense of removal, reinterment, marking, and perpetual care. It is further provided in the order that relatives of identified decedents have the right to select any alternate burial site at the cemetery, provided that they pay any additional costs resulting from the alternate selection. With respect to the Shiach plot, appellant is given the right to be present and to inspect and object to the manner in which the remains are removed. Petitioner is to move the Shiach stone marker and place it over the new grave. The court retained jurisdiction of the case.

Appellant does not oppose the reinterment, but objects to some of the provisions of the order. He urges that he be given the right to select the reinterment site of the Shiach plot in the Sunset Hills Memorial Park at the sole expense of the lodge. He also desires some further assurance that unidentified remains will not be reinterred in a mass grave.

■ A controversy involving reinterment is equitable in nature. *Herzl Congregation v. Robinson*, 142 Wash. 469, 253 Pac. 654 (1927). As such, the courts have broad discretion in determining the details of the reinterment procedure.

*See United States v. Unknown Heirs,* 152 F. Supp. 452 (W.D. Okla. 1957); *Trustees of First Presbyterian Church in Newark v. Alling,* 54 N.J. Super, 141, 148 A.2d 510 (1959).

The Shiach family has allowed these remains to repose for years in a dilapidated and uncared-for plot. For them now to claim that it is an abuse of discretion to fail to permit them an unfettered choice of sites in Sunset Hills Memorial Park is not particularly persuasive. The court's order has scrupulously respected the family's feelings, allowing its representative to supervise the reinterment and requiring retention of the old grave marker.

Appellant also claims that the court's order allows petitioner to reinter the remains in a mass grave in an unattractive site. We find no indication in the record that such a plan is contemplated. If such an abuse does develop, the court has retained jurisdiction of the case and appellant may ask the court to hear and consider his objections.

We find no abuse of discretion in the order as entered.

Affirmed.